# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-475V
Filed: February 28, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KIMBERLY S. THOMPSON, | |
| Petitioner, | |
| v. | Interim attorneys' fees and costs decision; respondent defers to Special Master's discretion |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Clifford J. Shoemaker</u>, Vienna, VA, for petitioner.
<u>Voris E. Johnson</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 27, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that influenza ("flu") vaccine administered on September 15, 2009 caused her neurologic injury. Pet. at ¶¶ 1, 2. The case was assigned to the undersigned on the same day.

On April 11, 2017, the undersigned held a hearing in this case. On October 4, 2017, the undersigned ruled in favor of petitioner on entitlement.

On February 10, 2018, petitioner filed an Application for Interim Attorneys' Fees and

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Costs, asking for $412.97 in petitioner's personal costs, $152,146.42 in interim attorneys' fees, and $65,867.26 in attorneys' costs.  On February 28, 2018, respondent filed a response to petitioner's motion stating he defers to the undersigned to determine whether or not petitioner has met the legal standard for an interim fees and costs award.  Resp. at 2.  Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

The matter of petitioner's interim attorneys' fees and costs is now ripe for adjudication.

## DISCUSSION

### I. Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v. Sec'y of HHS, 609 F.3d 1372 (Fed. Cir. 2010).

In Avera, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants sought only higher fees after dismissal of their case.  515 F.3d at 1352.  The Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id. In denying an interim fee award, the Federal Circuit reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  Id.

The undersigned ruled in favor of petitioner on entitlement.  This case is now in damages.  Respondent did not raise any specific objections to petitioner's fee application in his response to petitioner's Interim Application for Fees and Costs.  Instead, respondent deferred to the undersigned to determine whether or not petitioner has met the legal standard for an interim fees and costs award and respectfully recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.

Additionally, interim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner.  Petitioner's case has been pending for over five years.  Thus, the undersigned finds an award of interim fees and costs appropriate in the case.

### II. Reasonableness of Requested Attorneys' Fees and Costs

#### A. Reasonable Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who

performed the task.  See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).  Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Appropriate Hourly Rates

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. (citation and quotation omitted).  In Avera, the Federal Circuit found that in Vaccine Act cases, a court should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees.  515 F.3d 1343 at 1349.  At the same time, the court adopted the Davis County exception to prevent windfalls to attorneys who work in less expensive legal markets.  Id. (citing Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755 (D.C. Cir. 1999)).  In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates.  Id. (finding the market rate in Washington, DC to be significantly higher than the market rate in Cheyenne, Wyoming).

Petitioner requests the following hourly rates:

|  | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Clifford Shoemaker | $336.58 | $372 | $385 | $400 | $415 | $430 | $440 | $450 |
| Renee Gentry | N/A | N/A | N/A | $375 | N/A | N/A | $430 | $430 |
| Sabrina Knickelbein | $302 | $313 | $325 | $337 | $350 | $365 | $378 | $378 |

The undersigned finds petitioner's requested hourly rates reasonable except for Ms. Gentry's hourly rate of $430 for her work performed in 2017.  Since Ms. Gentry has been practicing law for approximately 22 years, she may be awarded $358 - $424 for work performed in 2017.  The undersigned finds Ms. Gentry belongs at the upper limit of this range, but cannot exceed it.  The undersigned awards Ms. Gentry's hourly rate for her work performed in 2017 at $424.  Because Ms. Gentry billed 28.35 hours in 2017, **this results in a deduction of $170.10.**

### 2. Reduction in Amount of Hours Billed

The lodestar approach requires that the reasonable hourly rate be multiplied by the number of hours "reasonably expended on the litigation."  Avera, 515 F.3d at 1347-48

3

(quotation and citation omitted).  Counsel must submit fee requests that include contemporaneous and specific billing entries, indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin ex rel. Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 315-18 (Fed. Cl. 2008).  Counsel must not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce hours *sua sponte,* apart from objections raised by respondent and without providing petitioner notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009).

      **a. Administrative Time**

Bedrock caselaw states that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel's billing records contain multiple entries that are best characterized as administrative tasks.  For example, Mr. Shoemaker and Ms. Knickelbein billed 0.1 hours for tasks such as "set initial SC," "review [an] order," "review notice of appearance," "review 240-day notice," "review the court's non-pdf order . . . regarding the next status conference" after reviewing a one-page or non-pdf scheduling order or status conference order.[2]  Beyond the fact that this is clerical work billed at attorneys' rates, the undersigned cannot imagine how it takes six minutes to enter a date, or even three dates, on one's calendar.  These types of entries are clerical in nature and do not constitute billable time.  Accordingly such entries will be deducted from the fee award, amounting to a **further reduction of $1,999.90.**

      **b. Vague Entries**

The undersigned has previously decreased an award of attorneys' fees for vagueness.  Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).  An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine,

---

[2] Doc 131, at 66-68 (entries dated 6/10/2017; 6/20/2017; 7/11/2017; 8/3/2017; 8/10/2017; 8/25/2017; 8/31/2017; 9/21/2017; 10/28/2017; 11/18/2017; and 1/20/2018) and Id. at 74-88 (entries dated 8/6/2012; 8/23/2012; 8/29/2012; 10/25/2012; 11/21/2012; 11/29/2012; 3/4/2013; 3/25/2013; 3/27/2013; 5/22/2013; 6/13/2013; 7/16/2013; 8/14/2013; 9/16/2013; 10/21/2013; 10/28/2013; 12/4/2013; 1/17/2014; 3/20/2014; 4/25/2014; 5/27/2014; 6/302014; 7/24/2014; 8/25/2014; 10/8/2014; 11/17/2014; 2/19/2015; 2/26/2015; 4/29/2015; 6/30/2015; 8/27/2015; 10/15/2015; 1/18/2016; 2/22/2016; 3/25/2016; 5/6/2016; 5/13/2016/ 5/31/2016; 6/6/2016; 3/15/2017; 4/4/2017; 6/12/2017; 8/3/2017; 8/10/2017; 8/25/2017; 8/31/2017; 9/21/2017; 10/30/2017; 11/20/2017; and 1/22/2018.).

from the application and the case file whether the amount requested is reasonable. Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned finds the number of vague billing entries in this case particularly troubling. Time records should be sufficiently detailed so that the undersigned is able to determine the reasonableness of the amount of time being spent and the work being performed. Mr. Shoemaker billed 3.5 hours over 33 separate billing entries to "review [a] pleading" and "review correspondence." Doc 131, at 44-64 (entries dated 8/3/2012; 8/23/2012; 8/29/2012; 10/25/2012; 11/28/2012; 12/18/2012; 1/8/2013; 3/22/2013; 6/13/2013; 7/15/2013; 9/13/2013; 10/19/2013; 12/4/2013; 1/16/2014; 3/20/2014; 5/28/2014; 5/29/2014; 6/28/2014; 8/22/2014; 11/14/2014; 1/30/2015; 2/19/2015; 3/25/2015; 4/28/2015; 6/27/2015; 10/15/2015; 12/18/2015; 1/16/2016; 2/19/2016; 3/25/2016; 5/27/2016; 6/4/2016; and 3/31/2017). Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable. This adjustment results in a **further deduction of $1,399.40**.

Thus, the total amount of attorneys' fees for Shoemaker, Gentry & Knickelbein is reduced by $3,399.30 and $148,747.12 is awarded. The undersigned finds the attorneys' costs reasonable. Therefore, the total amount paid for attorneys' fees and costs incurred by Shoemaker, Gentry & Knickelbein is **$214,614.38.**

## CONCLUSION

The undersigned finds an award of interim attorneys' fees and costs appropriate. She also finds that the majority of petitioner's interim attorneys' fees and costs request is reasonable. **Accordingly, the court awards:**

a. **$214,614.38**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Shoemaker, Gentry & Knickelbein in the amount of **$214,614.38**; and

b. **$412.97**, representing petitioner's personal costs. The award shall be in the form of a check made payable to petitioner for **$412.97**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

Dated: <u>February 28, 2018</u>                    <u>s/ Laura D. Millman</u>
                                                                    Laura D. Millman
                                                                    Special Master