# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-475V
Filed: November 8, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KIMBERLY S. THOMPSON, | * |
| Petitioner, | * |
| v. | * |
| | * Damages decision based on |
| | * proffer; influenza ("flu") vaccine; |
| SECRETARY OF HEALTH | * $H_1N_1$ vaccine; peripheral |
| AND HUMAN SERVICES, | * neurological injury |
| Respondent. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford J. Shoemaker, Vienna, VA, for petitioner.
Voris E. Johnson, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On July 27, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on September 15, 2009 caused her neurologic injury. Pet. at ¶¶ 5, 6. Petitioner also received $H_1N_1$ influenza vaccine on October 23, 2009, which is not covered under the Vaccine Act during the 2009-2010 flu season.

On November 8, 2018, respondent filed Respondent's Proffer on Award of Compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. **This means the decision will be available to anyone with access to the Internet.** When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards:

a. a lump sum of **$653,890.05**, in the form of a check payable to petitioner representing compensation for life care expenses expected to be incurred during the first year after judgment ($53,747.93), lost earnings ($345,526.82), pain and suffering ($235,000.00), and past unreimbursable expenses ($19,615.30);

b. a lump sum of **$54,462.87**, representing compensation for satisfaction of the State of Maryland Medicaid lien, payable jointly to petitioner and:

> MD-DHMH
> Maryland Department of Health
> Division of Recoveries and Financial Services
> P.O. Box 13045
> Baltimore, Maryland 21203
> Re: Kimberly Payne, MA#: 46-904281-100
> Attn: Sylvia Rose, Recoveries Officer

Petitioner agrees to endorse this payment to MD-DHMH; and

c. an amount sufficient to purchase an annuity contract.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 8, 2018                                          s/ Laura D. Millman
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| KIMBERLY S. THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 12-475V **(ECF)** |
| v. | ) | Special Master Millman |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 4, 2017, the Special Master issued a Ruling on Entitlement finding petitioner, Kimberly S. Thompson, entitled to compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"). Respondent, the Secretary of Health and Human Services, now proffers that petitioner receive a compensation award consisting of the following, which represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled:

**I.** **Items of Compensation**

    A.    <u>Life Care Items</u>

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Kay Hairston, BSN, RN, CCM, CLCP, to provide an estimation of Kimberly S. Thompson's future needs arising from her vaccine-related injury. For the purposes of this proffer, the term "vaccine-related injury" is as described in the Special Master's Ruling on Entitlement, filed October 4, 2017. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled **Appendix A: Items of**

**Compensation for Kimberly S. Thompson**, attached hereto as Tab A.[1] Respondent proffers that Kimberly S. Thompson should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Kimberly S. Thompson has suffered past loss of earnings and will suffer a loss of earnings in the future as a result of her vaccine-related injury. Therefore, respondent proffers that Kimberly S. Thompson should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Kimberly S. Thompson's lost earnings is $345,526.82. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that Kimberly S. Thompson should be awarded $235,000.00 in actual and projected pain and suffering for her vaccine-related injury. This amount reflects that the award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Kimberly S. Thompson's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $19,615.30.

    E.    <u>Maryland Medicaid Lien</u>

Respondent proffers that Kimberly S. Thompson should be awarded funds to satisfy a State of Maryland lien in the amount of $54,462.87, which represents full satisfaction of any

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

right of subrogation, assignment, claim, lien, or cause of action that the State of Maryland may have against any individual as a result of any Medicaid payments the State of Maryland has made to, or on behalf of, Kimberly S. Thompson, from the date of her eligibility for benefits through the date of judgment in this case, as a result of her vaccine-related injury suffered on or about September 15, 2009, under Title XIX of the Social Security Act.

## II.     Form of the Award[2]

The parties recommend that the compensation provided to Kimberly S. Thompson should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $653,890.05, representing compensation for life care expenses expected to be incurred during the first year after judgment ($53,747.93), lost earnings ($345,526.82), and pain and suffering ($235,000.00), in the form of a check payable to petitioner, Kimberly S. Thompson.

B.  A lump sum payment of $54,462.87, representing compensation for satisfaction of the State of Maryland Medicaid lien, payable jointly to petitioner and:

> MD-DHMH
> Maryland Department of Health
> Division of Recoveries and Financial Services
> P.O. Box 13045
> Baltimore, Maryland 21203
> Re: Kimberly Payne, MA#: 46-904281-100
> Attn: Sylvia Rose, Recoveries Officer

---

[2] The parties have no objection to the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's October 4, 2017, decision finding petitioner entitled to an award under the Vaccine Act.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Petitioner agrees to endorse this payment to MD-DHMH.

    c. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Kimberly S. Thompson, only so long as Kimberly S. Thompson is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1.  <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.  <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Kimberly S. Thompson, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Kimberly S. Thompson's death.

3.  <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

  A.  Lump Sum paid to petitioner, Kimberly S. Thompson:   **$653,890.05**

  B.  Maryland Medicaid lien:   **$ 54,462.87**

  C.  An amount sufficient to purchase the annuity contract described above in section II.C.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        s/Voris E. Johnson, Jr.
        VORIS E. JOHNSON, JR.
        Senior Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-4136

Dated: November 8, 2018

Appendix A:  Items of Compensation for Kimberly S. Thompson

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2018 | Compensation Year 2 2019 | Compensation Year 3 2020 | Compensation Years 4-5 2021-2022 | Compensation Year 6 2023 | Compensation Year 7 2024 | Compensation Years 8-10 2025-2027 | Compensation Year 11 2028 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 |
| Medicare Advantage Premium | 5% | | M | 936.00 | 936.00 | 936.00 | 936.00 | 936.00 | 936.00 | 936.00 | 936.00 |
| Medicare Advantage MOP | 5% | | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| OOP Drug Costs | 5% | | M | 1,080.18 | 1,080.18 | 1,080.18 | 1,080.18 | 1,080.18 | 1,080.18 | 1,080.18 | 1,080.18 |
| Primary Care | 5% | * | | | | | | | | | |
| Mileage: PCP | 4% | | | 7.56 | 7.56 | 7.56 | 7.56 | 7.56 | 7.56 | 7.56 | 7.56 |
| Neurologist | 5% | * | | | | | | | | | |
| Mileage: Neurolgist | 4% | | | 116.10 | 116.10 | 116.10 | 116.10 | 116.10 | 116.10 | 116.10 | 116.10 |
| Diagnostic/ Serum Studies | 5% | * | | | | | | | | | |
| Mileage: Diag./Serum Studies | 4% | | | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 |
| PM&R | 4% | * | | | | | | | | | |
| Mileage: PM&R | 4% | | | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 | 0.40 |
| Urology | 5% | * | | | | | | | | | |
| Mileage: Urology | 4% | | | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 |
| Surgery | 5% | * | | | | | | | | | |
| Mileage: Surgery | 4% | | | 3.90 | 1.95 | 1.95 | 1.95 | 1.95 | 1.95 | 1.95 | 1.95 |
| Surgical Infuse-a-port | 5% | * | | | | | | | | | |
| Mileage: Surgical Infuse-a-port | 4% | | | 1.44 | 0.41 | 0.41 | 0.41 | 0.41 | 0.41 | 0.41 | 0.41 |
| Opthalmology | 5% | * | | | | | | | | | |
| Mileage: Opthalmology | 4% | | | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 |
| Podiatry | 4% | | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Mileage: Podiatry | 4% | | | 5.98 | 5.98 | 5.98 | 5.98 | 5.98 | 5.98 | 5.98 | 5.98 |
| ER | 5% | * | | | | | | | | | |
| Ambulance | 5% | * | | | | | | | | | |
| Hospitalization | 5% | * | | | | | | | | | |
| Counseling | 4% | * | | | | | | | | | |
| Mileage: Counseling | 4% | | | 81.87 | | | | | | | |
| Mileage: Suport Group | 4% | | | 4.97 | 4.97 | 4.97 | 4.97 | 4.97 | 4.97 | 4.97 | 4.97 |
| Care Mngt | 4% | | M | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Metoprolol | 5% | * | | | | | | | | | |
| Ibuprofen | 5% | * | | | | | | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 | Compensation Year 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021-2022 | 2023 | 2024 | 2025-2027 | 2028 |
| Tizanidine | 5% | * | | | | | | | | | |
| Omeprazole | 5% | * | | | | | | | | | |
| C-Pilocarpine | 5% | | | 165.00 | 165.00 | 165.00 | 165.00 | 165.00 | 165.00 | 165.00 | 165.00 |
| Supplies for B-12 Inj | 4% | * | | | | | | | | | |
| Incontinence Pads | 4% | | | 93.08 | 93.08 | 93.08 | 93.08 | 93.08 | 93.08 | 93.08 | 93.08 |
| Compression Stockings | 4% | | | 179.18 | 179.18 | 179.18 | 179.18 | 179.18 | 179.18 | 179.18 | 179.18 |
| Prescription Glasses | 4% | | | 582.50 | 291.25 | 291.25 | 291.25 | 291.25 | 291.25 | 291.25 | 291.25 |
| IVIG | 5% | * | | | | | | | | | |
| Mileage: IVIG | 4% | | | 22.64 | 22.64 | 22.64 | 22.64 | 22.64 | 22.64 | 22.64 | 22.64 |
| Supplies for IVIG | 5% | * | | | | | | | | | |
| Power Scooter | 4% | | | 1,743.00 | 249.00 | 249.00 | 249.00 | 249.00 | 249.00 | 249.00 | 249.00 |
| Battery | 4% | | | 214.29 | 214.29 | 214.29 | 214.29 | 214.29 | 214.29 | 214.29 | 214.29 |
| Scooter Car Carrier | 4% | | | 654.50 | | | | | | | 654.50 |
| Callapsible Manual WC | 4% | * | | | | | | | | | |
| Sit to Stand Recliner | 4% | | | 612.00 | | | | | | | 612.00 |
| Shower Transfer Chair | 4% | | | 132.39 | | | | 132.39 | | | 132.39 |
| Bedside Commode | 4% | | | 155.64 | | | | 155.64 | | | 155.64 |
| Perching Stool | 4% | | | 141.00 | | | | | | | 141.00 |
| Assist Pole | 4% | | | 175.12 | | | | | | | 175.12 |
| Reachers | 4% | | | 50.10 | | | | 50.10 | | | 50.10 |
| AFOs | 4% | * | | | | | | | | | |
| Orthopedic Shoe | 4% | | | 69.56 | 34.78 | 34.78 | 34.78 | 34.78 | 34.78 | 34.78 | 34.78 |
| Pers. Emergency Resp. System | 4% | | | 515.40 | 515.40 | 515.40 | 515.40 | 515.40 | 515.40 | 515.40 | 515.40 |
| PT Eval | 4% | * | | | | | | | | | |
| Mileage: PT Eval | 4% | | | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 |
| OT Eval | 4% | * | | | | | | | | | |
| Mileage: OT Eval | 4% | | | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 | 1.69 |
| PT | 4% | * | | | | | | | | | |
| Mileage: PT | 4% | | | 40.61 | 40.61 | 20.30 | 20.30 | 6.77 | 6.77 | 6.77 | 6.77 |
| OT | 4% | * | | | | | | | | | |
| Mileage: OT | 4% | | | 20.30 | 20.30 | 20.30 | 6.77 | 6.77 | 6.77 | 6.77 | 6.77 |

**Appendix A: Items of Compensation for Kimberly S. Thompson** — Page 3 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 | Compensation Year 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021-2022 | 2023 | 2024 | 2025-2027 | 2028 |
| Home OT Assess | 4% | | | 300.00 | | | | | | | |
| Assistive Tech Clinic | 4% | * | | | | | | | | | |
| Mileage: Assistive Tech Clinic | 4% | | | 44.64 | 8.93 | 8.93 | 8.93 | 8.93 | 8.93 | 8.93 | 8.93 |
| Seating & Equip Clinic | 4% | * | | | | | | | | | |
| Mileage: Seating & Equip Clinic | 4% | | | 44.64 | 8.93 | 8.93 | 8.93 | 8.93 | 8.93 | 8.93 | 8.93 |
| Fitness/ Aquatic Program | 4% | | M | 612.00 | 612.00 | 612.00 | 612.00 | 612.00 | 612.00 | 612.00 | 612.00 |
| Mileage: Fitness/Aquatic Program | 4% | | | 57.60 | 57.60 | 57.60 | 57.60 | 57.60 | 57.60 | 57.60 | 57.60 |
| Personal Care Attendant | 4% | | M | 18,304.00 | 18,304.00 | 18,304.00 | 18,304.00 | 18,304.00 | 18,304.00 | 24,024.00 | 24,024.00 |
| Cleaning Services | 4% | | M | 1,260.00 | 1,260.00 | 1,260.00 | 1,260.00 | 1,260.00 | 1,260.00 | 1,260.00 | 1,260.00 |
| Home Mods | 0% | | | 7,500.00 | | | | | | | |
| Lost Earnings | | | | 345,526.82 | | | | | | | |
| Pain and Suffering | | | | 235,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 19,615.30 | | | | | | | |
| Medicaid Lien | | | | 54,462.87 | | | | | | | |
| Annual Totals | | | | 708,352.92 | 42,050.88 | 42,030.57 | 42,017.04 | 42,341.64 | 42,003.51 | 47,723.51 | 49,644.26 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($53,747.93), lost earnings ($345,526.82), pain and suffering ($235,000.00), and past unreimbursable expenses ($19,615.30): $653,890.05.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Maryland Medical Assistance Program, as reimbursement of the state's Medicaid lien: $54,462.87.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 12<br>2029 | Compensation Years 13-20<br>2030-2037 | Compensation Years 21-Life<br>2038-Life |
|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% |  | M | 1,608.00 |  |  |
| Medicare Advantage Premium | 5% |  | M | 936.00 | 936.00 | 936.00 |
| Medicare Advantage MOP | 5% |  |  | 10,000.00 | 10,000.00 | 10,000.00 |
| OOP Drug Costs | 5% |  | M | 1,080.18 | 1,080.18 | 1,080.18 |
| Primary Care | 5% | * |  |  |  |  |
| Mileage: PCP | 4% |  |  | 7.56 | 7.56 | 7.56 |
| Neurologist | 5% | * |  |  |  |  |
| Mileage: Neurolgist | 4% |  |  | 116.10 | 116.10 | 116.10 |
| Diagnostic/ Serum Studies | 5% | * |  |  |  |  |
| Mileage: Diag./Serum Studies | 4% |  |  | 3.02 | 3.02 | 3.02 |
| PM&R | 4% | * |  |  |  |  |
| Mileage: PM&R | 4% |  |  | 0.40 | 0.40 | 0.40 |
| Urology | 5% | * |  |  |  |  |
| Mileage: Urology | 4% |  |  | 4.68 | 4.68 | 4.68 |
| Surgery | 5% | * |  |  |  |  |
| Mileage: Surgery | 4% |  |  | 1.95 | 1.95 | 1.95 |
| Surgical Infuse-a-port | 5% | * |  |  |  |  |
| Mileage: Surgical Infuse-a-port | 4% |  |  | 0.41 | 0.41 | 0.41 |
| Opthalmology | 5% | * |  |  |  |  |
| Mileage: Opthalmology | 4% |  |  | 1.26 | 1.26 | 1.26 |
| Podiatry | 4% |  |  | 200.00 | 200.00 | 200.00 |
| Mileage: Podiatry | 4% |  |  | 5.98 | 5.98 | 5.98 |
| ER | 5% | * |  |  |  |  |
| Ambulance | 5% | * |  |  |  |  |
| Hospitalization | 5% | * |  |  |  |  |
| Counseling | 4% | * |  |  |  |  |
| Mileage: Counseling | 4% |  |  |  |  |  |
| Mileage: Suport Group | 4% |  |  | 4.97 | 4.97 | 4.97 |
| Care Mngt | 4% |  | M | 6,000.00 | 6,000.00 | 6,000.00 |
| Metoprolol | 5% | * |  |  |  |  |
| Ibuprofen | 5% | * |  |  |  |  |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 12 | Compensation Years 13-20 | Compensation Years 21-Life |
|---|---|---|---|---|---|---|
| | | | | 2029 | 2030-2037 | 2038-Life |
| Tizanidine | 5% | * | | | | |
| Omeprazole | 5% | * | | | | |
| C-Pilocarpine | 5% | | | 165.00 | 165.00 | 165.00 |
| Supplies for B-12 Inj | 4% | * | | | | |
| Incontinence Pads | 4% | | | 93.08 | 93.08 | 93.08 |
| Compression Stockings | 4% | | | 179.18 | 179.18 | 179.18 |
| Prescription Glasses | 4% | | | 291.25 | 291.25 | 291.25 |
| IVIG | 5% | * | | | | |
| Mileage:  IVIG | 4% | | | 22.64 | 22.64 | 22.64 |
| Supplies for IVIG | 5% | * | | | | |
| Power Scooter | 4% | | | 249.00 | 249.00 | 249.00 |
| Battery | 4% | | | 214.29 | 214.29 | 214.29 |
| Scooter Car Carrier | 4% | | | 65.45 | 65.45 | 65.45 |
| Callapsible Manual WC | 4% | * | | | | |
| Sit to Stand Recliner | 4% | | | 61.20 | 61.20 | 61.20 |
| Shower Transfer Chair | 4% | | | 26.48 | 26.48 | 26.48 |
| Bedside Commode | 4% | | | 31.13 | 31.13 | 31.13 |
| Perching Stool | 4% | | | 14.10 | 14.10 | 14.10 |
| Assist Pole | 4% | | | 17.51 | 17.51 | 17.51 |
| Reachers | 4% | | | 10.02 | 10.02 | 10.02 |
| AFOs | 4% | * | | | | |
| Orthopedic Shoe | 4% | | | 34.78 | 34.78 | 34.78 |
| Pers. Emergency Resp. System | 4% | | | 515.40 | 515.40 | 515.40 |
| PT Eval | 4% | * | | | | |
| Mileage:  PT Eval | 4% | | | 1.69 | 1.69 | 1.69 |
| OT Eval | 4% | * | | | | |
| Mileage:  OT Eval | 4% | | | 1.69 | 1.69 | 1.69 |
| PT | 4% | * | | | | |
| Mileage:  PT | 4% | | | 6.77 | 6.77 | 6.77 |
| OT | 4% | * | | | | |
| Mileage:  OT | 4% | | | 6.77 | 6.77 | 6.77 |

**Appendix A: Items of Compensation for Kimberly S. Thompson**                                                                                              Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 12 2029 | Compensation Years 13-20 2030-2037 | Compensation Years 21-Life 2038-Life |
|---|---|---|---|---|---|---|
| Home OT Assess | 4% | | | | | |
| Assistive Tech Clinic | 4% | * | | | | |
| Mileage: Assistive Tech Clinic | 4% | | | 8.93 | 8.93 | 8.93 |
| Seating & Equip Clinic | 4% | * | | | | |
| Mileage: Seating & Equip Clinic | 4% | | | 8.93 | 8.93 | 8.93 |
| Fitness/ Aquatic Program | 4% | | M | 612.00 | 612.00 | |
| Mileage: Fitness/Aquatic Program | 4% | | | 57.60 | 57.60 | |
| Personal Care Attendant | 4% | | M | 24,024.00 | 27,456.00 | 27,456.00 |
| Cleaning Services | 4% | | M | 1,260.00 | 1,260.00 | |
| Home Mods | 0% | | | | | |
| Lost Earnings | | | | | | |
| Pain and Suffering | | | | | | |
| Past Unreimbursable Expenses | | | | | | |
| Medicaid Lien | | | | | | |
| Annual Totals | | | | 47,949.40 | 49,773.40 | 47,843.80 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($53,747.93), lost earnings ($345,526.82), pain and suffering ($235,000.00), and past unreimbursable expenses ($19,615.30): $653,890.05.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Maryland Medical Assistance Program, as reimbursement of the state's Medicaid lien: $54,462.87.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.