# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-475V
Filed: April 9, 2019
Not for Publication

*************************************
KIMBERLY S. THOMPSON,                 *
                                      *
        Petitioner,                   *
                                      *
v.                                    *   Reasonable attorneys' fees and costs;
                                      *   influenza ("flu") vaccine; peripheral
                                      *   neurological injury
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
        Respondent.                   *
                                      *
*************************************

Clifford J. Shoemaker, Vienna, VA, for petitioner.
Voris E. Johnson, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 15, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that an influenza vaccine administered on September 15, 2009 caused her neurologic injury. Pet. at ¶¶ 5, 6. On November 8, 2018, the parties filed a proffer in which they agreed to settle this case and described the settlement terms. On November 8, 2018, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the proffer. Judgment entered on November 16, 2018.

On December 28, 2018, petitioner filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $18,727.75 and attorneys' costs of $7,808.60, for a total request of $26,536.35. Fees App. at 1. Pursuant to General Order No. 9, petitioner has

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

indicated that she has personally incurred costs in the amount of $769.82 in pursuit of this litigation.  Id.  Previously, on February 28, 2018, the undersigned awarded Petitioner interim fees in the amount of $215,327.35.  Respondent responded to the motion on January 28, 2019, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3.  Petitioner did not file a reply thereafter.  The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).  Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Concerning the requested rates for her attorneys, the undersigned finds the rates requested for Mr. Shoemaker ($450.00 per hour for work in 2018) and Ms. Knickelbein ($391.00 per hour for 2018) to be reasonable.  However, the requested rate for Ms. Gentry ($435.00 per hour) exceeds what the undersigned previously awarded when granting petitioner's motion for interim fees.  Thompson v. Sec'y of HHS, No. 12-475V, slip op. at 3 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) (awarding Ms. Gentry $430.00 per hour for work performed in 2018).  Because the billing records indicate that Ms. Gentry billed 33.15 hours, this rate adjustment results in a reduction of **$165.75**.

Turning next to the hours billed in this matter, the undersigned finds the hours billed by Mr. Shoemaker and Ms. Gentry to be reasonable and no reduction is required. However, the hours billed by Ms. Knickelbein are unreasonable in the undersigned's experience and therefore will not be compensated.  All of Ms. Knickelbein's billing entries are billed for 0.1 hours and are for reviewing various filings made by respondent and the Court.  Fees App. at 11-12.

However, Mr. Shoemaker has also billed for review of the same filings. Fees App. at 7-8. Although the act of two attorneys billing for review of the same filing is not always indicative of duplicate billing, the undersigned finds Ms. Knickelbein's entries duplicative in the instant case because it is unclear as to why she needed to review the filings if she had no other role in this case. Another special master has also recently declined to compensate a petitioner for Ms. Knickelbein's time when the record indicated that her time was spent entirely on review of filings. See Price v. Sec'y of HHS, No. 11-442V, slip op. at 3 (Fed. Cl. Spec. Mstr. Mar. 22, 2019). The billing record indicates that Ms. Knickelbein billed a total of 2.5 hours and this results in a reduction of **$977.50**. Petitioner is therefore awarded final attorneys' fees in the amount of **$17,584.50**.

Turning next to costs, petitioner requests a total of $7,808.60, covering the remaining balance owed for the work the Coordinating Center in preparing a life care plan for petitioner. Petitioner has provided adequate documentation of the work performed by the Coordinating Center and the undersigned finds the requested cost reasonable and shall award it in full.

Finally, pursuant to General Order No. 9, petitioner warrants that she has expended $769.82 for the mailing of documents and mileage for litigation purposes. Fees App. at 2. Petitioner has adequately documented these costs, and they shall also be awarded.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. The court awards the following:

1. **$25,393.10** (representing attorneys' fees in the amount of $17,584.50 and costs of $7,808.60) in the form of a check made payable jointly to petitioner and Shoemaker and Associates; and

2. **$769.82** (representing petitioner's costs) in the form of a check made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 9, 2019  /s/ Laura D. Millman
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.